W. V. HIXSON et al., Appellants, v. BOARDS OF SUPERVISORS OF IOWA COUNTY and BENTON COUNTY, Appellees.

DRAINS: Substantial Benefits and Moderate Costs. An order es-
1 tablishing a drainage district will not be reversed, when it is made to appear that the improvement will result (1) in substantial benefits, (2) at comparatively moderate cost.

DRAINS: Appeal—Delay—Effect. The reluctance of the appellate
2 court to interfere with orders establishing drainage improvements will, it is impliedly suggested, be increased in the same ratio that there is delay in prosecuting the appeal.

*Appeal from Iowa District Court.*—R. P. HOWELL, Judge.

JULY 6, 1920.

IN the district court, this was an appeal from an order establishing a drainage district. The order appealed from was made by the joint boards of Iowa and Benton Counties. In the district court, the order of establishment was confirmed. From such order of confirmation in the district court, the complaining parties have appealed to this court. —*Affirmed.*

*H. M. Havner, R. E. Hatter, C. W. E. Snyder, Robert Healy, Edward F. Snyder,* and *F. Paul Harned,* for appellants.

*J. F. Kirby* and *Morling & Morling,* for appellees.

EVANS, J.—The improvement in question involves a straightening of Buckeye Creek. This creek has its outlet in the Iowa River. It has its source in the hilly lands, some miles distant from the river, and has a watershed of about 25 square miles. It takes its course through the high ground without presenting any drainage problems. Low, flat

1. DRAINS:
substantial
benefits and
moderate
costs.

land extends along its course from the outlet to the foot of the hilly area. The water being discharged at the foot of the hilly land finds its way from that point to the river very sluggishly. In times of heavy rain, a considerable area is subjected to overflow. The engineering proposal was to excavate a ditch on a direct line from the point of discharge at the foot of the hill, to the river. The length of such ditch would be about 11,000 feet; whereas the length of the creek channel was approximately 19,000 feet. The fall along the old creek channel is less than 7 feet to the mile; whereas a fall of 10 feet to the mile could be secured for the shorter course of the proposed improvement. The engineer's estimate of the cost was less than $4,000, with about $1,500 of damages to be provided for. The area of the proposed district is about 2,000 acres, of which approximately 800 acres are subject to frequent overflow. The land included is of great fertility, and consequently of great value, if protected against the overflow.

The objections urged against the project were, in substance:

1. That only a small part of the included land was subject to serious overflow.

2. That the plan proposed was wholly inadequate, and that its cost would greatly exceed its benefits, and would be greater than the district should bear.

So far as the merits of the controversy are concerned, only fact questions are involved. The record is very voluminous. The appellants have filed their original abstract and two subsequent amendments thereto.

2. DRAINS: appeal: delay: effect. To these, the appellees have added three amended abstracts. It will be readily seen that it will be impracticable for us to deal with the details of the evidence within the proper limits of an opinion. A careful reading of the record satisfies us that the district court properly refused to interfere with the order of establishment. We are satisfied from the evidence that the proposed improvement will result in substantial benefit at a comparatively moderate cost. This is enough

to forbid our interference with the statutory discretion of the joint board. If the merits of the project were more doubtful, we should be reluctant to interfere at this time with the order of the board, in view of the unusual delay attending the prosecution of the appeal to the district court. The appeal was formally taken in December, 1914. No petition was filed by the appellants in the district court until September 28, 1915. In the meantime, the contract for the improvement had been let, and much of the construction had been done. It is contended by appellees that the work done was that part of the improvement which was especially beneficial to the appellants. The contention is not without support in the record. But we indicate no opinion of its accuracy. The practical operation of the drainage statute requires that such an appeal as this should be prosecuted diligently; otherwise, the project adopted by the board could be defeated by mere delay. The burden of the appeal being at all times upon the appellant, its weight should be increased rather than lightened by undue delay.

That the cost of the improvement is comparatively moderate is indicated by the fact that the sum total of assessments of benefits to the eight appellants is approximately $1,300, from which assessments no appeals were taken. No benefits were assessed against appellant Hixson. The order of the district court is—*Affirmed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.